PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAVERNE EUGENE FORTSON, ) | |
| ) | CASE NOS. 1:14–CR–00194-3 |
| Petitioner, ) | 1:19–CV–01402 |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| UNITED STATES OF AMERICA, ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** |
| Respondent. ) | [Resolving ECF No. 622] |
| ) | |

Pending before the Court is Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 622. The motion was filed on September 22, 2025 under 1:19–CV–01402 and subsequently docketed under 1:14–CR–00194. For the reasons herein, the motion is dismissed and transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. In the alternative, the motion is denied as untimely under 28 U.S.C. § 2255(f). Petitioner's requests for an evidentiary hearing, additional discovery, and suppression are also denied.

## I. INTRODUCTION

From August 2013 through July 2014, Petitioner Laverne Eugene Fortson served as a middle–manager in the narcotics trafficking industry, receiving heroin from a supplier in Chicago and providing it to street dealers in Northeast Ohio. ECF No. 16. On July 22, 2014, he was indicted by a federal grand jury (alongside fourteen co–conspirators) for violating 21 U.S.C. § 841(a)(1) & (b)(1)(A) — Conspiracy to Possess with Intent to Distribute Heroin. ECF No. 16. Petitioner was arrested and entered federal custody a week later. ECF No. 18. He pled guilty to

(1:14–CR–00194–3 & 1:19–CV–01402)

violating 21 U.S.C. § 846—Conspiracy to Distribute Heroin—and was sentenced to 108 months' federal incarceration and five years' supervised release on May 21, 2015. ECF No. 359.

  Petitioner moved to reduce his sentence on October 31, 2016. ECF No. 424. The Court denied the motion. ECF No. 449. Petitioner then moved for post–conviction relief under 28 U.S.C. § 2255 on June 17, 2019. ECF No. 501. The Court denied the motion as untimely, dismissed it, and certified its non–appealability. ECF No. 514; *see* 28 U.S.C. § 1915(a)(3); *see* 28 U.S.C. § 2253(c); *see* Fed. R. App. P. 22(b). Petitioner appealed to the Sixth Circuit, which denied his appeal on January 20, 2020. ECF Nos. 517 & 526. He then filed a motion for compassionate release (under COVID–19 protocols) on March 9, 2021. ECF No. 575; *see* First Step Act of 2018, PL 115–391, December 21, 2018, 132 Stat 5194. The Court denied the motion as moot because Petitioner completed his sentence on June 6, 2022 and was thereupon emancipated from federal incarceration. ECF No. 590

  On June 6, 2024, Petitioner was arrested for new drug abuse and drug trafficking violations by federal agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives. ECF No. 601. These charges potentially violate the terms of supervised release under his 2015 conviction. ECF No. 603. On June 5, 2025—after a jury trial before the Honorable John R. Adams in the Northern District of Ohio—Petitioner was found: (1) guilty of violating 21 U.S.C. § 846—Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine and Cocaine; (2) guilty of violating 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)—Possession with Intent to Distribute Methamphetamine; and (3) not guilty of violating 21 U.S.C. § 856—Maintaining a Drug Involved Premises. See *United States v. Fortson, et al.*, 5:24–CR–00295 (N.D. Ohio filed June 20, 2024). Sentencing for that conviction is scheduled for October 9, 2025 before Judge Adams, who agreed to simultaneously conduct a supervised release violation hearing for the

(1:14–CR–00194–3 & 1:19–CV–01402)

2015 conviction. ECF No. 619; see *Fortson, et al.*, 5:24–CR–00295; see *United States v. Carter, et al.*, 1:14–CR–00194 (N.D. Ohio filed June 3, 2014).

On September 22, 2025, Petitioner again moved for post–conviction relief under 28 U.S.C. § 2255. ECF Nos. 621 & 622. He argues that his 2015 conviction was unconstitutional under four grounds:

> (1) "Lack of Federal Jurisdiction under 21 U.S.C. [§] 903 and Constitutional Limits[.]"
>
> (2) "Unconstitutional Expansion of Federal Authority[.]"
>
> (3) "New Evidence of Unlawful Investigation and Preemption of State Authority[.]"
>
> (4) "Structural Error and Ongoing Punishment[.]"

ECF Nos. 621 & 622 at Page ID ##: 4486–88. Petitioner asks the Court to vacate his conviction or, in the alternative, order an evidentiary hearing, permit additional discovery, and suppress evidence. ECF No. 621 at PageID #: 4488.

## II. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the power of federal courts to grant *habeas corpus* relief to incarcerated adults (IA) who previously filed motions under 28 U.S.C. § 2255. See *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("[t]he new restrictions on successive petitions constitute a modified *res judicata* rule, a restraint on what is called[,] in *habeas corpus* practice[,] "abuse of the writ.") (citation modified). AEDPA requires an IA contemplating a "second or successive" petition to first move in the embracing court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. §§ 2244(a)(3) & 2255(h). Absent authorization, the district court lacks jurisdiction and must transfer the motion to the circuit court. See *id.*; see 28 U.S.C. §§ 1631 & 2244(b)(3); see

3

(1:14–CR–00194–3 & 1:19–CV–01402)

*Williams v. United States*, 927 F.3d 427, 438–39 (6th Cir. 2019); *see In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

AEDPA's bar on repeat *habeas* petitions applies only to "second or successive" motions challenging the *same* judgment. See 28 U.S.C. § 2244(b); *see Magwood v. Patterson*, 561 U.S. 320 (2010). An unauthorized motion under 28 U.S.C. § 2255 succeeding a previously denied motion is thus barred unless it challenges a *new* judgment. See *United States v. Burton*, 802 F. App'x 896, 904 (6th Cir. 2020). The relevant judgment or sentence is that under which a person is held "in custody." See *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) (citing *Magwood*, 561 U.S. at 332) (citation modified). A person is "in custody" when they are in actual, physical detention (*e.g.*, prison, or jail) or when subjected to post–release restraints on liberty not shared by the general public (*e.g.*, supervised release). See *id.* (citing *Jones v. Cunningham*, 371 U.S. 236, 238, 240, 242 (1963). Consequently, a person under federal supervised release is "in custody" for AEDPA and *habeas* purposes. See *United States v. Sandles*, 469 F.3d 508, 517–18 (6th Cir. 2006).

### III. DISCUSSION

***A. Because Petitioner's 28 U.S.C. § 2255 motion challenges his 2015 conviction, again, rather than a new judgment, it is a secondary or successive motion requiring circuit court authorization.***

Petitioner is presently "in custody" for criminal conduct from 2024. See *Fortson, et al.*, 5:24–CR–00295. Independent of those charges, he is also "in custody" under supervised release stemming from his 2015 narcotics conviction. See *Carter, et al.*, 1:14–CR–00194. While the 2024 criminal conduct might violate the terms of his 2015–imposed supervised release, a hearing has not yet been held to address that violation. ECF No. 619. Here, Petitioner "respectfully moves [the] Court to vacate his [2015] conviction . . . on the grounds that it was entered in

4

(1:14–CR–00194–3 & 1:19–CV–01402)

violation of the Constitution and the laws of the United States." ECF No. 622 at PageID #: 4485. The motion therefore attacks judgment in the 2015 criminal case, not new judgment in 2024's *Fortson, et al.* or the forthcoming revocation hearing. ECF No. 621 at PageID ## 4457–84. The latter judgments have not been rendered, and Petitioner cannot challenge that which does not yet exist. Cf. *Brown v. United States*, 992 F.2d 1216 (6th Cir. 1993)

Accordingly, this is Petitioner's "second or successive" 28 U.S.C. § 2255 motion challenging his 2015 sentence. ECF Nos. 501 & 622. He is therefore required to obtain authorization from the Sixth Circuit before the Court may intervene. *See* 28 U.S.C. §§ 2255(h)(1)–(2). Petitioner neither sought nor received the requisite approval. *See Carter, et al.,* 1:14–CR–00194. For that reason, the motion must be transferred to the Sixth Circuit for authorization or denial. *See Sims*, 111 F.3d at 47; *see* 28 U.S.C. § 1631.

### B. *Even if Petitioner's motion is not secondary or successive, it is time–barred under all four provisions of 28 U.S.C. § 2255(f).*

AEDPA accords a one–year limitation to attack a criminal sentence. *See* 28 U.S.C. § 2255(f). That year begins to run from the latest of:

> (1) The date on which the judgment of conviction becomes final.
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action.
>
> (3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.
>
> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(1:14–CR–00194–3 & 1:19–CV–01402)

28 U.S.C. § 2255(f)(1)–(4) (citation modified); *see* Dodd v. United States, 545 U.S. 353, 357–358 (2005). A conviction becomes final (for AEDPA purposes) on the conclusion of direct appeal. *See* Sanchez–Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004). Absent direct appeal, it becomes final "upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." Id. at 427.

Petitioner had fourteen days from entry of judgment to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i). Judgment was entered on May 21, 2015. ECF No. 359. Therefore, Petitioner had until June 4, 2015 to appeal and June 4, 2016 to move to vacate under the one–year judgment–trigger of 28 U.S.C. § 2255(f)(1). He did not file this motion until September 19, 2025—a full 3,405 days after statutory expiration.[1] ECF No. 621; *see* 28 U.S.C. § 2255(f). Accordingly, the motion is tardy and time–barred.

Both 28 U.S.C. § 2255(f)(2) and 28 U.S.C. § 2255(f)(3) are inapplicable because Petitioner was neither prevented from making a motion (under the impediment–trigger of 28 U.S.C. § 2255(f)(2)) nor does he assert a newly recognized right (under the retroactivity–trigger of 28 U.S.C. § 2255(f)(3)). ECF Nos. 621 & 622. And, even construed generously, the motion is untimely under the reasonable discoverability–trigger of 28 U.S.C. § 2255(f)(4). That subsection "does not require the maximum feasible diligence, only due, or reasonable, diligence." Granger v. Hurt, 90 Fed. App'x 97, 99–101 (6th Cir. Jan. 23, 2004) (citation modified). Under 28 U.S.C. § 2255(f)(4), Petitioner bears the burden of proving he exercised due diligence for the one–year limit to late–run "from the date he discovered the factual

---

[1] Petitioner's first 28 U.S.C. § 2255 motion was also denied as untimely because it was filed on June 17, 2019—over three years late. ECF Nos. 501 & 514.

6

(1:14–CR–00194–3 & 1:19–CV–01402)

predicate of his claim." *Lott v. Coyle,* 261 F.3d 594, 605–06 (6th Cir. 2001); *see DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006).

Petitioner contends that new evidence emerged in May 2025, thereby impliedly extending the one–year AEDPA limitation to June 2025. ECF No. 621 at PageID ##: 4471–73. That argument fails on the merits. Even accounting for "the realit[ies] of the prison system" and the "unreasonable burden on prisoners seeking to appeal," Petitioner has not shown that he could not have unearthed the alleged "lack of deputation and training" of a government witness through reasonable diligence in the decade–plus since his conviction. ECF No. 621 at PageID #: 4472; *Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004). While the Court makes no determination as to "the [precise] date on which the facts supporting the claim or claims presented could have been discovered," ten years past is far too many. 28 U.S.C. § 2255(f)(4); *cf. Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004) (noting that a mere two months was not beyond "the exercise of due diligence"). As a consequences Petitioner's motion is untimely.

### IV. Conclusion

For these reasons, Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 622) is dismissed and transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. In the alternative, the motion is denied as untimely under 28 U.S.C. § 2255(f). Petitioner's requests for an evidentiary hearing, additional discovery, and suppression are denied.

IT IS SO ORDERED.

| October 3, 2025 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

7