PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:14-CR-00194-3 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) | |
| | ) | **MEMORANDUM OF** |
| LAVERNE EUGENE FORTSON, | ) | **OPINION AND ORDER** |
| | ) | [Resolving ECF No. 631] |
| Defendant. | ) | |

## I. Introduction

Defendant Laverne Eugene Fortson, proceeding *pro se*, filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b). ECF No. 631. In it, he "challenges the integrity of the prior collateral proceeding in which [his] initial motion under 28 U.S.C. § 2255 was dismissed as time-barred." ECF No. 631 at PageID #: 4647. But a Rule 60(b) motion cannot be used—as attempted here—to circumvent the "exacting requirements" of 28 U.S.C. § 2255 and challenge the validity of a criminal conviction. *Fernandez v. United States*, 146 S. Ct. 1292, 1301 (2026). Defendant's contention that his "Rule 60 motion properly challenges a defect in the integrity of the earlier habeas proceeding rather than asserting a new substantive claim attacking the conviction" is unavailing and not well taken. ECF No. 633 at PageID #: 4651. On review and consideration, the Motion is construed as a second or successive motion under 28 U.S.C. § 2255 and transferred to the Sixth Circuit for authorization.

## II. Background

From 2013 to 2014, Defendant was a middle-manager in the drug trafficking industry, receiving narcotics from a Chicago supplier and distributing them to street dealers across Northeast Ohio. ECF No. 16. In July 2014, he was indicted by a federal grand jury for conspiracy to possess with intent to distribute heroin under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). ECF No. 16. In February 2015, he pled guilty to conspiracy to distribute heroin in violation of 21 U.S.C. § 846 and was sentenced to 108 months in federal prison with five years of supervised release. ECF Nos. 233, 359.

Defendant first moved to reduce his sentence in October 2016 under 18 U.S.C. § 3582(c)(2). ECF No. 424. The Court denied the motion, finding him ineligible for a sentence reduction. ECF No. 449. He then moved for post-conviction relief under 28 U.S.C. § 2255 in June 2019. ECF No. 501. The Court denied the motion as untimely and certified its non-appealability. ECF No. 514. On appeal, the Sixth Circuit declined to issue a certificate of appealability. ECF Nos. 517, 526. He next filed a motion for compassionate release under COVID–19 in March 2021. ECF No. 575. The Court denied the motion as moot because his term of incarceration ended in June 2022. ECF No. 590.

In June 2024, Defendant was arrested in Ohio on new drug abuse and drug trafficking charges. ECF No. 601. After a jury trial in June 2025—in which he represented himself—he was found guilty of conspiracy to distribute and to possess with intent to distribute methamphetamine and cocaine under 21 U.S.C. § 846 and possession with intent to distribute methamphetamine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). *See United States v. Fortson*, No. 5:24-CR-00295 (N.D. Ohio filed Aug. 20, 2024) at Minutes of Proceedings [Non-Document] 06/05/2025. He was sentenced to 210 months in federal prison, *see id.* at ECF No.

195, with an additional 30 months (to be served consecutively) for violating the terms of his supervised release. ECF No. 627.

In September 2025, Defendant filed another motion for post-conviction relief under 28 U.S.C. § 2255. ECF No. 622. The Court dismissed it as a "second or successive" and transferred it to the Sixth Circuit under 28 U.S.C. § 1631. ECF No. 623. In the alternative, it denied the motion as untimely under 28 U.S.C. § 2255(f). ECF No. 623. The Sixth Circuit denied his request for authorization to file a second or successive 28 U.S.C. § 2255 motion on March 11, 2026. ECF No. 630. Five days later, Defendant filed a Motion for Relief from Judgment under Rule 60(b). ECF No. 631. In it, he "challenges the integrity of the prior collateral proceeding in which [his] initial motion under 28 U.S.C. §2255 was dismissed as time-barred." ECF No. 631 at PageID #: 4647. The Government did not respond.

## III. Discussion

### A. *Arguments*

*First*, Defendant claims that, in 2025, he learned facts unavailable to him during both the original prosecution of this case and collateral proceedings in *Fortson*, No. 5:24-CR-00295. He says that at trial in 2025, Detective Eric Centa testified he participated in the investigation leading to Defendant's 2015 conviction for conspiracy to distribute heroin under 21 U.S.C. § 846. According to Defendant, supplemental discovery disclosed in May 2025—including a *curriculum vitae* and related records—confirmed Detective Centa's involvement and revealed he was never deputized as a federal investigator. Defendant attributes his previous ignorance of this fact to the case's "complex" designation and a 2014 protective order restricting his access to discovery materials. ECF No. 631 at PageID #: 4647.

*Second*, Defendant claims the Government violated its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *Kyles v. Whitley*, 514 U.S. 419 (1995). He contends that Detective Centa's supposed lack of federal deputization was favorable, material evidence relevant to his arguments for suppression, impeachment, and sentencing. He also argues that *Kyles* imputes knowledge held by participating law enforcement agencies to the prosecution. The evidentiary nondisclosure, he claims, prevented him from raising these issues at trial and in his initial 28 U.S.C. § 2255 motion. ECF No. 631 at PageID ##: 4647–48.

*Third*, Defendant claims that relief is warranted because the supposed suppression of the Detective Centa material constituted a defect in the integrity of his first 28 U.S.C. § 2255 proceeding rather than a new attack on his conviction. ECF No. 631 at PageID #: 4648. He claims that "[w]here the integrity of a habeas proceeding has been compromised by the suppression of material evidence, relief under Rule 60(b) is appropriate." ECF No. 631 at PageID #: 4648 (citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

**B. Analysis**

Defendant styles his motion under Rule 60(b). ECF No. 631 at PageID #: 4647. But "Rule 60(b) cannot be used to circumvent the stringent requirements for post-conviction relief" under 28 U.S.C. § 2255. *In re West*, 103 F.4th 417, 420 (6th Cir. 2024) (citing *In re Nailor*, 487 F.3d 1018, 1022-23 (6th Cir. 2007)); *see Fernandez*, 146 S. Ct. at 1301 ("prisoners may not use [Rule] 60(b) to argue that a denial of habeas relief was wrong on the merits and warrants reopening"). Consequently, a successive motion under 28 U.S.C. § 2255 disguised as a motion under Rule 60(b) "must be treated accordingly." *In re West*, 103 F.4th at 420 (quoting *Gonzalez*, 545 U.S. at 531). A Rule 60(b) motion is really a 28 U.S.C. § 2255 motion when it

"advances one or more claims[,]" meaning when it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits." *Id.* (quoting *Gonzalez*, 545 U.S. at 532).

The Court is unpersuaded by Defendant's contention that his Motion "does not constitute a new claim attacking the conviction." ECF No. 638 at PageID #: 4713. At any rate, it fails however it is read. Construed as a Rule 60(b) attack on the August 22, 2019 judgment denying his motion under 28 U.S.C. § 2255 (ECF No. 514), it is untimely. His theories of newly discovered evidence and governmental suppression arise under Rule 60(b)(2) and (b)(3), and motions on those grounds were due by August 22, 2020. *See* Fed. R. Civ. P. 60(c)(1). And while a Rule 60(b)(6) motion for "any other reason that justifies relief" may be brought "within a reasonable time[,]" that requires "extraordinary circumstances" that Defendant has not established. *Gonzalez*, 545 U.S. at 536.

Properly construed as a 28 U.S.C. § 2255 attack on his 2015 conviction, Defendant's Motion alleges that the Government suppressed evidence that would have aided suppression, impeachment, and sentencing. It is, therefore, a second or successive 28 U.S.C. § 2255 motion and raises arguments already considered, transferred as successive (ECF No. 623), and on which the Sixth Circuit declined to grant authorization (ECF No. 630). The Court, therefore, lacks jurisdiction to resolve them herein.[1] *See* 28 U.S.C. § 2255(h).

---

[1] Even so, the Court notes that Defendant's suppression and impeachment arguments are unavailing. He pled guilty on February 13, 2015 (ECF No. 233), and a defendant cannot raise antecedent non-jurisdictional defects in the proceedings against him. *See* *United States v. O'Neill*, 94 F.4th 531, 537 (6th Cir. 2024) ("a guilty plea represents a break in the chain of events and extinguishes the defendant's right to raise independent claims relating to events that occurred prior to the entry of the guilty plea") (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)) (citation modified). Nor was any trial held in 2015; Detective Centa neither testified nor offered

His Notice of Supplemental Authority (ECF No. 638) does nothing to alter the equation.[2] Although styled as supplementary, it functions as yet another unpermitted and substantially expanded successive motion under 28 U.S.C. § 2255. It advances new grounds nowhere present in ECF No. 631: that the Court lacked jurisdiction under 21 U.S.C. § 903 (ECF No. 638 at PageID #: 4717), that wiretap evidence was subject to mandatory exclusion under 18 U.S.C. § 2515 (ECF No. 638 at PageID #: 4716), and that a two-level leadership sentencing enhancement under USSG § 3B1.1(c) was legally ineligible (ECF No. 638 at PageID ##: 4716–17). It asks the Court to reopen 28 U.S.C. § 2255 proceedings and order briefing on each allegation. ECF No. 638 at PageID #: 4720. Again, this is a request to adjudicate claims attacking Defendant's conviction and sentence, not the initial 28 U.S.C. § 2255 denial, reinforcing the conclusion that ECF No. 631 is a second or successive motion under 28 U.S.C. § 2255. Nor does the Government's silence entitle Defendant to relief: no response is required to a successive motion the Court has no jurisdiction to resolve.

Finally, Defendant's proposed authorities are inapposite. *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) governs judicial review of agency statutory interpretation, and nothing in the 2015 conviction or 2019 28 U.S.C. § 2255 proceedings turned on deference to

---

evidence, rendering Defendant's impeachment argument confounding. ECF No. 631 at PageID #: 4648.

[2] Defendant's Supplemental Memorandum (ECF No. 633) also adds nothing. It repeats the arguments in ECF No. 631 and asserts that the Motion is timely because Rule 60(c) only requires filing "within a reasonable time" measured from discovery of the evidence. ECF No. 633 at PageID #: 4652. Not so. Motions under Rule 60(b)(2) and (b)(3)—the subsections that correspond to Defendant's claims—must be filed no more than one year after entry of the judgment attacked, a period that runs from entry, not from discovery. *See* Fed. R. Civ. P. 60(c)(1); Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule[] . . . 60(b)"). Nor can Defendant escape that limit by invoking Rule 60(b)(6), which is unavailable where the asserted ground falls within another subsection. *See* *Gonzalez*, 545 U.S. at 535.

agency construction. ECF No. 638 at PageID #: 4719. *Martin v. United States*, 605 U.S. 395 (2025) concerns the Federal Tort Claims Act and has no relevance to Defendant's chosen collateral attacks on a criminal judgment. ECF No. 638 at PageID #: 4718. And an order denying *certiorari*—as in *Lairy v. United States*, 146 S. Ct. 1223 (2026)—settles nothing. ECF No. 638 at PageID #: 4718; *see* *Teague v. Lane*, 489 U.S. 288, 296 (1989) ("the denial of a writ of certiorari imports no expression of opinion upon the merits of [a] case").

## IV. CONCLUSION

Defendant Laverne Eugene Fortson's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b) (ECF No. 631) is construed as a second or successive motion under 28 U.S.C. § 2255. Because Defendant has not obtained authorization from the United States Court of Appeals for the Sixth Circuit, this Court lacks jurisdiction to consider it. *See* 28 U.S.C. § 2255(h). Accordingly, the Motion is dismissed and transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631. In the alternative, the Motion is construed under Fed. R. Civ. P. 60(b) and denied as untimely.

IT IS SO ORDERED.

August 20, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge